David C. Marcus (SBN: 158704)
david.marcus@wilmerhale.com
AARON THOMPSON (SBN: 272391)
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: +1 213 443 5300
Facsimile: +1 213 443 5400

William G. McElwain (*pro hac vice pending*)
william.mcelwain@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
Telephone: +1 202 663 6388
Facsimile: +1 202 663 6363

Attorneys for Defendants and Counterclaim-Plaintiffs
*Hughes Communications Inc.*,
*Hughes Network Systems LLC*,
*DISH Network Corporation*,
*DISH Network L.L.C.*, and
*dishNET Satellite Broadband L.L.C.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HUGHES COMMUNICATIONS INC., HUGHES NETWORK SYSTEMS LLC, DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISHNET SATELLITE BROADBAND L.L.C.,<br><br>                    Defendants.<br><br>HUGHES COMMUNICATIONS INC., HUGHES NETWORK SYSTEMS LLC, DISH NETWORK CORPORATION, | Case No. 2:13-cv-07245-MRP-JEM<br><br>**ANSWER, DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS HUGHES COMMUNICATIONS, HUGHES NETWORK SYSTEMS, DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND DISHNET TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

DISH NETWORK L.L.C., and DISHNET
SATELLITE BROADBAND L.L.C.,

2

                              Counter-Plaintiffs,

3

4

        vs.

The CALIFORNIA INSTITUTE OF
TECHNOLOGY,

5

6

                              Counter-
                              Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND COUNTERCLAIMS OF DEFENDANTS

Defendants Hughes Communications Inc. ("Hughes Communications"), Hughes Network Systems LLC ("Hughes Network Systems"),[1] DISH Network Corporation, DISH Network L.L.C., and dishNET Satellite Broadband L.L.C. ("dishNET") (collectively, "Defendants" or "Counterclaim-Plaintiffs"), by and through their undersigned attorneys, hereby answer the Complaint for Patent Infringement brought by the Plaintiff, the California Institute of Technology ("Caltech" or "Plaintiff"), as follows, with each paragraph of the Answer below responding to the corresponding numbered or lettered paragraph of the Complaint:

## ANSWER

## NATURE OF THE ACTION

1.      Defendants admit that Caltech's Complaint purports to state a cause of action under the patent laws of the United States.

2.      Defendants deny the allegation that Defendants infringe or infringed, in any way, U.S. Patent No. 7,116,710, U.S. Patent No. 7,421,032, U.S. Patent No. 7,916,781, or U.S. Patent No. 8,284,833  (collectively, "the Asserted Patents"). Defendants are without knowledge or information sufficient to form a belief as to whether Caltech is the legal owner of the Asserted Patents, or whether the Asserted Patents were duly and legally issued by the United States Patent and Trademark Office ("Patent Office"), and therefore deny them.  Defendants admit that Caltech's complaint purports to seek injunctive relief and monetary damages.

## THE PARTIES

3.      On information and belief, Defendants admit that Caltech is a non-profit private university organized under the laws of the State of California. Defendants are without knowledge or information sufficient to form a belief as to

---

[1] Caltech has defined Hughes Communications and Hughes Network Systems as the "Hughes Defendants."  For purposes of clarity in responding to Caltech's complaint only, Defendants use the same term.

the remainder of the allegations in paragraph 3 of the Complaint, and therefore deny them.

4.    Defendants admit the allegations in paragraph 4 of the Complaint.

5.    Defendants admit the allegations in paragraph 5 of the Complaint.

6.    Defendants admit the allegations in paragraph 6 of the Complaint.

7.    Defendants admit the allegations in paragraph 7 of the Complaint, except that DISH Network L.L.C is a wholly owned indirect subsidiary of DISH Network Corporation.

8.    Defendants admit the allegations in paragraph 8 of the Complaint, except that dishNET is a wholly owned indirect subsidiary of DISH Network Corporation.[2]

9.    Defendants admit that EchoStar and DISH Network Corporation were previously one company, and that in approximately January 2008, DISH completed the distribution of its technology and set-top box business and certain infrastructure assets (the "Spin-off") into a separate publicly-traded company, EchoStar Corporation ("EchoStar").

10.    Defendants admit that Charles W. Ergen serves as the Chairman of both DISH Network Corporation and EchoStar, and that the Chairman, or certain trusts established by the Chairman, beneficially owns a substantial majority of the voting power of the shares of both DISH Network Corporation and EchoStar. Defendants further admit that, in 2010, DISH Network Corporation accounted for 82.5% of EchoStar's total revenue and in 2012, DISH Network Corporation accounted for 49.5% of EchoStar's total revenue.  Defendants admit that in October 2012, dishNET and Hughes Network Systems entered into a distribution agreement relating to Hughes satellite internet service.  Defendants are without

---

[2] Caltech has defined DISH Network Corporation, DISH Network L.L.C. and dishNet as the "Dish Defendants."  For purposes of clarity in responding to Caltech's complaint only, Defendants use the same term.

knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 10 of the Complaint, and therefore deny the same.

## JURISDICTION AND VENUE

11.     Defendants admit that this Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

12.     Paragraph 12 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, however, Defendants deny the allegations of paragraph 12 of the Complaint, except that Defendants admit that Hughes Network Systems conducts business in the State of California, including in the Central District of California.

13.     Paragraph 13 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, however, Defendants deny the allegations of paragraph 13 of the Complaint, except that Defendants admit that DISH Network L.L.C., and dishNET conduct business in the State of California, including in the Central District of California.

14.     Paragraph 14 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, however, Defendants deny the allegations of paragraph 14 of the Complaint, except that Defendants admit, for purposes of this action only, that venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## CALTECH'S ASSERTED PATENTS

15.     Defendants admit that the Complaint purports to attach U.S. Patent No. 7,116,710 (the "'710 Patent") as Exhibit A.  Defendants also admit that the '710 Patent states on its face that it is titled "Serial Concatenation of Interleaved Convolutional Codes Forming Turbo-Like Codes" and recites an issue date of October 3, 2006.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15 of the Complaint, and therefore deny them.

16.     Defendants admit that the Complaint purports to attach U.S. Patent No. 7,421,032 (the "'032 Patent") as Exhibit B.  Defendants also admit that the '032 Patent states on its face that it is titled "Serial Concatenation of Interleaved Convolutional Codes Forming Turbo-Like Codes" and recites an issue date of September 2, 2008.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 16 of the Complaint, and therefore deny them.

17.     Defendants admit that the Complaint purports to attach U.S. Patent No. 7,916,781 (the "'781 Patent") as Exhibit C.  Defendants also admit that the '781 Patent states on its face that it is titled "Serial Concatenation of Interleaved Convolutional Codes Forming Turbo-Like Codes" and recites an issue date of March 29, 2011.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 17 of the Complaint, and therefore deny them.

18.     Defendants admit that the Complaint purports to attach U.S. Patent No. 8,284,833 (the "'833 Patent") as Exhibit D.  Defendants also admit that the '833 Patent states on its face that it is titled "Serial Concatenation of Interleaved Convolutional Codes Forming Turbo-Like Codes" and recites an issue date of October 9, 2012.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 18 of the Complaint, and therefore deny them.

19.     Defendants admit that the Asserted Patents state on their faces that their inventors are Hui Jin, Aamond Khandekar, and Robert J. McEliece.

20.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Complaint, and therefore deny them.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

## BACKGROUND TO THIS ACTION

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants admit that the Complaint purports to attach a paper titled "Irregular Repeat-Accumulate Codes" as Exhibit E. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 23 of the Complaint, and therefore deny them.

24. Defendants admit that the Complaint purports to attach a paper titled "Design Methods for Irregular Repeat-Accumulate Codes" as Exhibit F. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the Complaint, and therefore deny them.

25. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 25 of the Complaint, and therefore deny them.

26. Defendants admit that the Complaint purports to attach a paper titled "A Synthesizable IP Core for DVB-S2 LDPC Code Decoding" as Exhibit G. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of the Complaint, and therefore deny them.

27. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint, and therefore deny them.

28. Defendants admit that the Complaint purports to attach a paper titled "Factorizable Modulo $M$ Parallel Architecture for DVB-S2 LDPC Decoding" as Exhibit H. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of the Complaint, and therefore deny them.

29. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 29 of the Complaint, and therefore deny them.

-5-

30.     Defendants admit that the Complaint purports to attach a paper titled "Design of LDPC Codes: A Survey and New Results" as Exhibit H.  Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Complaint, and therefore deny them.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint except that, on information and belief, Hughes Network Systems manufactures, uses, imports, offers for sale, or sells products, methods, equipment, and /or services that implement the DVB-S2 standard.

33.     Defendants deny the allegations in paragraph 33 of the Complaint, except that, on information and belief, DISH Network L.L.C. and dishNET purchase and use certain equipment, and/or services that implement the DVB-S2 standard, that DISH Network L.L.C. and dishNET markets, offers for sale, sells, and distributes, satellite internet service under the dishNet brand, and that a portion of that satellite internet service is offered pursuant to a distribution agreement entered into between dishNET and Hughes Network Systems in October 2012.

34.     Defendants deny the allegations in paragraph 34 of the Complaint, except that Defendants admit the Complaint purports to attach copies of Hughes Network System advertising material.

35.     Defendants deny the allegations in paragraph 35 of the Complaint, except that Defendants admit the Complaint purports to attach copies of Hughes Network System advertising material.

36.     Defendants deny the allegations in paragraph 36 of the Complaint, except that Defendants admit the Complaint purports to attach copies of Hughes Network System advertising material.

## COUNT I

## INFRINGEMENT OF THE '710 PATENT

37.     Defendants refer to and incorporate their responses set forth in paragraphs 1-36, above, as if set forth fully herein.

38.     Defendants deny each and every allegation in paragraph 38 of the Complaint.

39.     Defendants deny each and every allegation in paragraph 39 of the Complaint.

40.     Defendants deny each and every allegation in paragraph 40 of the Complaint.

41.     Defendants deny each and every allegation in paragraph 41 of the Complaint.

42.     Defendants deny each and every allegation in paragraph 42 of the Complaint.

43.     Defendants deny each and every allegation in paragraph 43 of the Complaint.

44.     Defendants deny each and every allegation in paragraph 44 of the Complaint.

45.     Defendants deny each and every allegation in paragraph 45 of the Complaint, except admit that Dish Network Corporation's 2012 Annual Report (10-K) states that some customer premise equipment is leased to subscribers.

46.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of the Complaint, and therefore deny them.

47.     Defendants deny each and every allegation in paragraph 47 of the Complaint.

48.     Defendants deny each and every allegation in paragraph 48 of the Complaint.

-7-

49. Defendants deny each and every allegation in paragraph 49 of the Complaint.

50. Defendants deny each and every allegation in paragraph 50 of the Complaint.

51. Defendants deny each and every allegation in paragraph 51 of the Complaint.

## COUNT II

## INFRINGEMENT OF THE '032 PATENT

52. Defendants refer to and incorporate their responses set forth in paragraphs 1-51, above, as if set forth fully herein.

53. Defendants deny each and every allegation in paragraph 53 of the Complaint.

54. Defendants deny each and every allegation in paragraph 54 of the Complaint.

55. Defendants deny each and every allegation in paragraph 55 of the Complaint.

56. Defendants deny each and every allegation in paragraph 56 of the Complaint.

57. Defendants deny each and every allegation in paragraph 57 of the Complaint.

58. Defendants deny each and every allegation in paragraph 58 of the Complaint.

59. Defendants deny each and every allegation in paragraph 59 of the Complaint.

60. Defendants deny each and every allegation in paragraph 60 of the Complaint, except admit that Dish Network Corporation's 2012 Annual Report (10-K) states that some customer premise equipment is leased to subscribers.

61.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 61 of the Complaint, and therefore deny them.

62.     Defendants deny each and every allegation in paragraph 62 of the Complaint.

63.     Defendants deny each and every allegation in paragraph 63 of the Complaint.

64.     Defendants deny each and every allegation in paragraph 64 of the Complaint.

65.     Defendants deny each and every allegation in paragraph 65 of the Complaint.

66.     Defendants deny each and every allegation in paragraph 66 of the Complaint.

## **COUNT III**

## **INFRINGEMENT OF THE '781 PATENT**

67.     Defendants refer to and incorporates their responses set forth in paragraphs 1-66, above, as if set forth fully herein.

68.     Defendants deny each and every allegation in paragraph 68 of the Complaint.

69.     Defendants deny each and every allegation in paragraph 69 of the Complaint.

70.     Defendants deny each and every allegation in paragraph 70 of the Complaint.

71.     Defendants deny each and every allegation in paragraph 71 of the Complaint.

72.     Defendants deny each and every allegation in paragraph 72 of the Complaint.

73.     Defendants deny each and every allegation in paragraph 73 of the Complaint.

74.     Defendants deny each and every allegation in paragraph 74 of the Complaint.

75.     Defendants deny each and every allegation in paragraph 75 of the Complaint, except admit that Dish Network Corporation's 2012 Annual Report (10-K) states that some customer premise equipment is leased to subscribers.

76.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 76 of the Complaint, and therefore deny them.

77.     Defendants deny each and every allegation in paragraph 77 of the Complaint.

78.     Defendants deny each and every allegation in paragraph 78 of the Complaint.

79.     Defendants deny each and every allegation in paragraph 79 of the Complaint.

80.     Defendants deny each and every allegation in paragraph 80 of the Complaint.

81.     Defendants deny each and every allegation in paragraph 81 of the Complaint.

## COUNT IV

## INFRINGEMENT OF THE '833 PATENT

82.     Defendants refer to and incorporates their responses set forth in paragraphs 1-81, above, as if set forth fully herein.

83.     Defendants deny each and every allegation in paragraph 83 of the Complaint.

84.     Defendants deny each and every allegation in paragraph 84 of the Complaint.

85.     Defendants deny each and every allegation in paragraph 85 of the Complaint.

86.     Defendants deny each and every allegation in paragraph 86 of the Complaint.

87.     Defendants deny each and every allegation in paragraph 87 of the Complaint.

88.     Defendants deny each and every allegation in paragraph 88 of the Complaint.

89.     Defendants deny each and every allegation in paragraph 89 of the Complaint.

90.     Defendants deny each and every allegation in paragraph 90 of the Complaint, except admit that Dish Network Corporation's 2012 Annual Report (10-K) states that some customer premise equipment is leased to subscribers.

91.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 91 of the Complaint, and therefore deny them.

92.     Defendants deny each and every allegation in paragraph 92 of the Complaint.

93.     Defendants deny each and every allegation in paragraph 93 of the Complaint.

94.     Defendants deny each and every allegation in paragraph 94 of the Complaint.

95.     Defendants deny each and every allegation in paragraph 95 of the Complaint.

96.     Defendants deny each and every allegation in paragraph 96 of the Complaint.

ANSWER AND COUNTERCLAIMS OF DEFENDANTS
Case No. 2:13-cv-07245-MRP-JEM

**PRAYER FOR RELIEF**

a)      Defendants deny that Caltech is entitled to the relief requested in paragraph (a).

b)      Defendants deny that Caltech is entitled to the relief requested in paragraph (b).

c)      Defendants deny that Caltech is entitled to the relief requested in paragraph (c).

d)      Defendants deny that Caltech is entitled to the relief requested in paragraph (d).

e)      Defendants deny that Caltech is entitled to the relief requested in paragraph (e).

f)      Defendants deny that Caltech is entitled to the relief requested in paragraph (f).

g)      Defendants deny that Caltech is entitled to the relief requested in paragraph (g).

h)      Defendants deny that Caltech is entitled to the relief requested in paragraph (h).

**GENERAL DENIAL**

Defendants deny all allegations of the Complaint not specifically admitted above.

**DEFENSES**

97.      Without admitting or acknowledging that Defendants bear the burden of proof as to any of them, Defendants assert the following defenses:

**FIRST DEFENSE**

**(Non-Infringement)**

98.      Defendants have not and do not infringe, literally or under the doctrine of equivalents, any valid claim of the Asserted Patents.

## SECOND DEFENSE

### (Invalidity)

99.    On information and belief, the claims of the Asserted Patents are invalid for failure to comply with the conditions of patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE

### (Laches, Prosecution Laches, Waiver, Estoppel, Unclean Hands)

100.   On information and belief, Caltech's claims are barred in whole or in part by laches, prosecution laches, waiver, estoppel, and/or unclean hands.

101.   On information and belief, Caltech and/or its predecessors' unreasonable and inexcusable delay in filing suit and prosecuting the asserted patents has caused material prejudice to Defendants.

## FOURTH DEFENSE

### (Injunctive Relief Unavailable)

102.   On information and belief, Caltech is not entitled to injunctive relief because it does not make, use, or sell any product that practices any claim of the asserted patents.  Any alleged injury to Caltech is neither immediate nor irreparable, and Caltech has an adequate remedy at law.

## FIFTH DEFENSE

### (Limitation on Damages)

103.   The relief sought by Caltech based on Defendant's alleged infringement of the Asserted Patents is limited by 35 U.S.C. § 286, which prohibits recovery for any alleged infringement committed more than six years before the filing of the Complaint.

## SIXTH DEFENSE

### (28 U.S.C. §1498)

104.   On information and belief, Defendants may sell and/or offer for sale in the United States the accused products to the United States government or to

third parties who sell the accused products to the United States government, with the authorization or consent of the United States government for any alleged acts of infringement with respect to the manufacture and sale of the accused products to the United States government.  Defendants are therefore entitled to assert 28 U.S.C. § 1498 as a defense to Caltech's claims of patent infringement.

## COUNTERCLAIMS

Counterclaim-Plaintiffs Hughes Communications Inc. ("Hughes Communications"), Hughes Network Systems LLC ("Hughes Network Systems"),[3] DISH Network Corporation, DISH Network L.L.C., and dishNET Satellite Broadband L.L.C. ("dishNET"), on personal knowledge as to their own acts, and on information and belief as to all others based on their own and their attorneys' investigation, alleges Counterclaims against Caltech as follows:

## PARTIES AND JURISDICTION

1.      Hughes Communications is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 1171 Exploration Lane, Germantown, Maryland 20876.

2.      Hughes Network Systems is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1171 Exploration Lane, Germantown, Maryland 20876.

3.      DISH Network Corporation is a corporation organized under the laws of the State of Nevada, with its principal place of business located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

---

[3] Caltech has defined Hughes Communications and Hughes Network Systems as the "Hughes Defendants."  For purposes of clarity in responding to Caltech's complaint and counterclaiming only, Defendants use the same term.

-14-

4.       DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

5.       dishNET is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

6.       Caltech is a non-profit private university organized under the laws of the State of California, with its principal place of business at 1200 East California Boulevard, Pasadena, California, 91125.

7.       This Court has jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, and 2201-02.

8.       This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  Thus, this Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-02.  An actual controversy exists under the Declaratory Judgment Act because Caltech has asserted and is asserting infringement of U.S. Patent No. 7,116,710 ("the '710 Patent"), U.S. Patent No. 7,421,032 ("the '032 Patent"), U.S. Patent No. 7,916,781 ("the '781 Patent"), and U.S. Patent No. 8,284,833 ("the '833 Patent") (collectively, "the Asserted Patents") by Counterclaim-Plaintiffs and Counterclaim-Plaintiffs deny those assertions.

## COUNT I

## NON-INFRINGEMENT OF THE '710 PATENT

9.       Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 8 as if fully set forth herein.

10.      Caltech claims that it is the assignee of the '710 Patent and that it is the owner of all rights, title and interest in and to the '710 Patent.  Caltech has

expressly charged Counterclaim-Plaintiffs with infringement of the '710 Patent by filing the Complaint against Counterclaim-Plaintiffs on October 1, 2013.

11.     Counterclaim-Plaintiffs have not been and are not now infringing any claim of the '710 Patent.  In light of Caltech's Complaint, there exists an actual controversy between Caltech and Counterclaim-Plaintiffs regarding this patent.

12.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

13.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that they have not infringed and is not infringing the '710 Patent.

## COUNT II

## INVALIDITY OF THE '710 PATENT

14.     Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 13 as if fully set forth herein.

15.     Counterclaim-Plaintiffs contend that the claims of the '710 Patent are invalid for failure to comply with the conditions for patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

16.     Counterclaim-Plaintiffs are informed and believe, and on that basis allege, that Caltech contends that the '710 Patent is valid and enforceable.

17.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

18.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '710 Patent are invalid.

# COUNT III

## UNENFORCEABILITY OF THE '710 PATENT

19. Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 18 as if fully set forth herein.

20. Counterclaim-Plaintiffs contend that the '710 Patent is unenforceable because of estoppel, waiver, laches, and/or unclean hands.

21. The application for the '710 Patent was filed on May 18, 2001, and issued October 3, 2006. Caltech and/or its predecessors delayed in bringing suit until October 1, 2013, even though, on information and belief, Caltech and/or its predecessors knew, or in the exercise of due diligence should have known, of Counterclaim-Plaintiffs' use of products featuring aspects Caltech alleges are covered by the patents-in-suit by at least January 2007.

22. Because Caltech and/or its predecessors knew, or should have known of Counterclaim-Plaintiffs' use of products featuring aspects Caltech alleges are covered by the patents-in-suit since at least January 2007, the delay between the issuance of the '710 Patent on October 3, 2006 and the filing of this suit on October 1, 2013 is unreasonable and inexcusable.

23. Since January 2007, Counterclaim-Plaintiffs began and expended significant funds on the manufacture, sale, and distribution of products featuring aspects Caltech alleges are covered by the patents-in-suit. Caltech and/or its predecessors' delay in bringing suit, therefore, caused substantial material and economic prejudice to Counterclaim-Plaintiffs, including potential damages that could have been prevented or mitigated by an earlier suit.

24. All of the Asserted Patents, including the '710 Patent share a common specification and relate to the same subject matter. Therefore, these patents have an immediate and necessary relation to one another, and Caltech's actions rendering each one of them unenforceable likewise render the others unenforceable.

25. For the foregoing reasons, the '710 Patent is not enforceable.

ANSWER AND COUNTERCLAIMS OF DEFENDANTS
Case No. 2:13-cv-07245-MRP-JEM

26.     Counterclaim-Plaintiffs are informed and believe, and on that basis allege, that Caltech contends that the '710 Patent is enforceable.

27.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

28.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '710 Patent are not enforceable.

## COUNT IV

## NON-INFRINGEMENT OF THE '032 PATENT

29.     Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 28 as if fully set forth herein.

30.     Caltech claims that it is the assignee of the '032 Patent and that it is the owner of all rights, title and interest in and to the '032 Patent.  Caltech has expressly charged Counterclaim-Plaintiffs with infringement of the '032 Patent by filing the Complaint against Counterclaim-Plaintiffs on October 1, 2013.

31.     Counterclaim-Plaintiffs have not been and are not now infringing any claim of the '032 Patent.  In light of Caltech's Complaint, there exists an actual controversy between Caltech and Counterclaim-Plaintiffs regarding this patent.

32.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

33.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that it has not infringed and is not infringing the '032 Patent.

## COUNT V

## INVALIDITY OF THE '032 PATENT

34.    Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 33 as if fully set forth herein.

35.    Counterclaim-Plaintiffs contend that the claims of the '032 Patent are invalid for failure to comply with the conditions for patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

36.    Counterclaim-Plaintiffs are informed and believe, and on that basis allege, that Caltech contends that the '032 Patent is valid and enforceable.

37.    Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

38.    Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '032 Patent are invalid.

## COUNT VI

## UNENFORCEABILITY OF THE '032 PATENT

39.    Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 38 as if fully set forth herein.

40.    Counterclaim-Plaintiffs contend that the '032 Patent is unenforceable because of estoppel, waiver, laches, prosecution laches, and/or unclean hands.

41.    The application for the '032 Patent was filed on October 3, 2006, and issued September 2, 2008.  Caltech and/or its predecessors delayed in bringing suit until October 1, 2013, even though, on information and belief, Caltech and/or its predecessors knew, or in the exercise of due diligence should have known, of Counterclaim-Plaintiffs' use of products featuring aspects Caltech alleges are covered by the patents-in-suit by at least January 2007.

42.    Because Caltech and/or its predecessors knew, or should have known of Counterclaim-Plaintiffs' use of products featuring aspects Caltech alleges are covered by the patents-in-suit since at least January 2007, the delay between the issuance of the '032 Patent on September 2, 2008 and the filing of this suit on October 1, 2013 is unreasonable and inexcusable.

43.    The application for the '032 Patent is part of a series of continuations and continuations-in-part of Provisional Application No. 60/205,095, filed May 18, 2000.  The October 3, 2006 application for the '032 Patent is a continuation of the May 18, 2001 application for the '710 Patent, and a continuation-in-part of the August 18, 2000 application for U.S. Patent No. 7,089,477 (the "'477 Patent").

44.    On information and belief, Caltech and/or its predecessors did not have a basis to delay the filing of the '032 Patent for 6 years after the filing of the provisional application.  Therefore, the '032 Patent issued after an unreasonable and unexplained delay in prosecution.

45.    Since January 2007, Counterclaim-Plaintiffs began and expended significant funds on the manufacture, sale, and distribution of products featuring aspects Caltech alleges are covered by the patents-in-suit.  Caltech and/or its predecessors' delay in bringing suit and delay in prosecuting the '032 Patent, therefore, caused substantial material and economic prejudice to Counterclaim-Plaintiffs, including potential damages that could have been prevented or mitigated by an earlier suit.

46.    All of the Asserted Patents, including the '032 Patent share a common specification and relate to the same subject matter.  Therefore, these patents have an immediate and necessary relation to one another, and Caltech's actions rendering each one of them unenforceable likewise render the others unenforceable.

47.    For the foregoing reasons, the '032 Patent is not enforceable.

48.    Counterclaim-Plaintiffs are informed and believe, and on that basis allege, that Caltech contends that the '032 Patent is enforceable.

49.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

50.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '032 Patent are not enforceable.

## COUNT VII

## NON-INFRINGEMENT OF THE '781 PATENT

51.     Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 50 as if fully set forth herein.

52.     Caltech claims that it is the assignee of the '781 Patent and that it is the owner of all rights, title and interest in and to the '781 Patent.  Caltech has expressly charged Counterclaim-Plaintiffs with infringement of the '781 Patent by filing the Complaint against Counterclaim-Plaintiffs on October 1, 2013.

53.     Counterclaim-Plaintiffs have not been and are not now infringing any claim of the '781 Patent.  In light of Caltech's Complaint, there exists an actual controversy between Caltech and Counterclaim-Plaintiffs regarding this patent.

54.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

55.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that it has not infringed and is not infringing the '781 Patent.

ANSWER AND COUNTERCLAIMS OF DEFENDANTS
Case No. 2:13-cv-07245-MRP-JEM

## COUNT VIII

## INVALIDITY OF THE '781 PATENT

56.     Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 55 as if fully set forth herein.

57.     Counterclaim-Plaintiffs contend that the claims of the '781 Patent are invalid for failure to comply with the conditions for patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

58.     Counterclaim-Plaintiffs are informed and believe, and on that basis allege, that Caltech contends that the '781 Patent is valid and enforceable.

59.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

60.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '781 Patent are invalid.

## COUNT IX

## UNENFORCEABILITY OF THE '781 PATENT

61.     Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 60 as if fully set forth herein.

62.     Counterclaim-Plaintiffs contend that the '781 Patent is unenforceable because of estoppel, waiver, laches, prosecution laches, and/or unclean hands.

63.     The application for the '781 Patent was filed on June 30, 2008, and issued March 29, 2011.  Caltech and/or its predecessors delayed in bringing suit until October 1, 2013, even though, on information and belief, Caltech and/or its predecessors knew, or in the exercise of due diligence should have known, of Counterclaim-Plaintiffs' use of products featuring aspects Caltech alleges are covered by the patents-in-suit by at least January 2007.

-22-

64.     Because Caltech and/or its predecessors knew, or should have known of Counterclaim-Plaintiffs' use of products featuring aspects Caltech alleges are covered by the patents-in-suit since at least January 2007, the delay between the issuance of the '781 Patent on March 29, 2011 and the filing of this suit on October 1, 2013 is unreasonable and inexcusable.

65.     The application for the '781 Patent is part of a series of continuations and continuations-in-part of Provisional Application No. 60/205,095, filed May 18, 2000.  The June 30, 2008 application for the '781 Patent is a continuation of the October 3, 2006 application for the '032 Patent, which is a continuation of the May 18, 2001 application for the '710 Patent, and a continuation-in-part of the August 18, 2000 application for the '477 Patent.

66.     On information and belief, Caltech and/or its predecessors did not have a basis to delay the filing of the '781 Patent for 8 years after the filing of the provisional application.  Therefore, the '781 Patent issued after an unreasonable and unexplained delay in prosecution.

67.     Since January 2007, Counterclaim-Plaintiffs began and expended significant funds on the manufacture, sale, and distribution of products featuring aspects Caltech alleges are covered by the patents-in-suit.  Caltech and/or its predecessors' delay in bringing suit and delay in prosecuting the '781 Patent, therefore, caused substantial material and economic prejudice to Counterclaim-Plaintiffs, including potential damages that could have been prevented or mitigated by an earlier suit.

68.     All of the Asserted Patents, including the '781 Patent share a common specification and relate to the same subject matter.  Therefore, these patents have an immediate and necessary relation to one another, and Caltech's actions rendering each one of them unenforceable likewise render the others unenforceable.

69.     For the foregoing reasons, the '781 Patent is not enforceable.

-23-

70.     Counterclaim-Plaintiffs are informed and believe, and on that basis allege, that Caltech contends that the '781 Patent is enforceable.

71.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

72.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '781 Patent are not enforceable.

## COUNT X

## NON-INFRINGEMENT OF THE '833 PATENT

73.     Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 72 as if fully set forth herein.

74.     Caltech claims that it is the assignee of the '833 Patent and that it is the owner of all rights, title, and interest in and to the '833 Patent.  Caltech has expressly charged Counterclaim-Plaintiffs with infringement of the '833 Patent by filing the Complaint against Counterclaim-Plaintiffs on October 1, 2013.

75.     Counterclaim-Plaintiffs have not been and are not now infringing any claim of the '833 Patent.  In light of Caltech's Complaint, there exists an actual controversy between Caltech and Counterclaim-Plaintiffs regarding this patent.

76.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

77.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that it has not infringed and is not infringing the '833 Patent.

## COUNT XI

## INVALIDITY OF THE '833 PATENT

78.    Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 77 as if fully set forth herein.

79.    Counterclaim-Plaintiffs contend that the claims of the '833 Patent are invalid for failure to comply with the conditions for patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

80.    Counterclaim-Plaintiffs are informed and believe, and on that basis allege, that Caltech contends that the '833 Patent is valid and enforceable.

81.    Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

82.    Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '833 Patent are invalid.

## COUNT XII

## UNENFORCEABILITY OF THE '833 PATENT

83.    Counterclaim-Plaintiffs repeat and re-allege the allegations contained in the immediately preceding paragraphs 1 through 82 as if fully set forth herein.

84.    Counterclaim-Plaintiffs contend that the '833 Patent is unenforceable because of estoppel, waiver, laches, prosecution laches, and/or unclean hands.

85.    The application for the '833 Patent was filed on March 28, 2011, and issued October 9, 2012.  Caltech and/or its predecessors delayed in bringing suit until October 1, 2013, even though, on information and belief, Caltech and/or its predecessors knew, or in the exercise of due diligence should have known, of Counterclaim-Plaintiffs' use of products featuring aspects Caltech alleges are covered by the patents-in-suit by at least January 2007.

86.     Because Caltech and/or its predecessors knew, or should have known of Counterclaim-Plaintiffs' use of products featuring aspects Caltech alleges are covered by the patents-in-suit since at least January 2007, the delay between the issuance of the '833 Patent on October 9, 2012 and the filing of this suit on October 1, 2013 is unreasonable and inexcusable.

87.     The application for the '833 Patent is part of a series of continuations and continuations-in-part of Provisional Application No. 60/205,095, filed May 18, 2000.  The March 28, 2011 application for the '833 Patent is a continuation of the June 30, 2008 application for the '781 Patent, which is a continuation of the October 3, 2006 application for the '032 Patent, which is a continuation of the May 18, 2001 application for the '710 Patent, and a continuation-in-part of the August 18, 2000 application for the '477 Patent.

88.     On information and belief, Caltech and/or its predecessors did not have a basis to delay the filing of the '833 Patent for 11 years after the filing of the provision application.  Therefore, the '833 Patent issued after an unreasonable and unexplained delay in prosecution.

89.     Since January 2007, Counterclaim-Plaintiffs began and expended significant funds on the manufacture, sale, and distribution of products featuring aspects Caltech alleges are covered by the patents-in-suit.  Caltech and/or its predecessors' delay in bringing suit and delay in prosecuting the '833 Patent, therefore, caused substantial material and economic prejudice to Counterclaim-Plaintiffs, including potential damages that could have been prevented or mitigated by an earlier suit.

90.     All of the Asserted Patents, including the '833 Patent share a common specification and relate to the same subject matter.  Therefore, these patents have an immediate and necessary relation to one another, and Caltech's actions rendering each one of them unenforceable likewise render the others unenforceable.

91.     For the foregoing reasons, the '833 Patent is not enforceable.

-26-

92.     Counterclaim-Plaintiffs are informed and believe, and on that basis alleges, that Caltech contends that the '833 Patent is enforceable.

93.     Accordingly, a valid and justiciable controversy has arisen and exists between Caltech and Counterclaim-Plaintiffs.  Counterclaim-Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

94.     Counterclaim-Plaintiffs are entitled to a declaratory judgment that the claims of the '833 Patent are not enforceable.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), Counterclaim-Plaintiffs and Counterclaim-Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs respectfully request entry of judgment in their favor and against Caltech as follows:

A.     Dismissing Caltech's Complaint in its entirety, with prejudice;

B.     Declaring that Counterclaim-Plaintiffs have not been and are not now infringing any claims of the '710 Patent;

C.     Declaring that the claims of the '710 Patent are invalid;

D.     Declaring that the '710 Patent is not enforceable;

E.     Declaring that Counterclaim-Plaintiffs have not been and are not now infringing any claims of the '032 Patent;

F.     Declaring that the claims of the '032 Patent are invalid;

G.     Declaring that the '032 Patent is not enforceable;

H.     Declaring that Counterclaim-Plaintiffs have not been and are not now infringing any claims of the '781 Patent;

I.     Declaring that the claims of the '781 Patent are invalid;

J.     Declaring that the '781 Patent is not enforceable;

K.   Declaring that Counterclaim-Plaintiffs have not been and are not now infringing any claims of the '833 Patent;

L.   Declaring that the claims of the '833 Patent are invalid;

M.   Declaring that the '833 Patent is not enforceable;

N.   Declaring this case exceptional under 35 U.S.C. § 285 and awarding to Counterclaim-Plaintiffs their costs, expenses, and reasonable attorneys' fees; and

O.   Granting Counterclaim-Plaintiffs such other and further relief as this Court deems just and proper.

Dated: February 10, 2014      WILMER CUTLER PICKERING HALE AND
                               DORR LLP


                               By: _____
                                       David C. Marcus

                               Attorneys for Defendants and Counterclaim-Plaintiffs
                               *Hughes Communications Inc.,*
                               *Hughes Network Systems LLC,*
                               *DISH Network Corporation,*
                               *DISH Network L.L.C.,* and
                               *dishNET Satellite Broadband L.L.C.*